IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME MARSHALL | : | CIVIL ACTION |
| Petitioner | : | |
| vs. | : | NO. 03-3308 |
| JEFFREY A. BEARD, et al. | : | |
| | : | THIS IS A CAPITAL CASE |
| Respondents | : | |

MEMORANDUM OPINION AND ORDER

GOLDEN, J.                                                                                                                   MARCH 30, 2010

Petitioner Jerome Marshall, a Pennsylvania prisoner currently under a sentence of death, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Presently before the Court is the Petitioner's Motion for Renewed Discovery. For the reasons which follow, the Motion is DENIED.

Petitioner was arrested in November 1983 and charged with criminal homicide for the deaths of Myndie McKoy, Sharon Saunders, and Saunders' two-year old daughter Karima Saunders. Commonwealth v. Marshall, 523 Pa. 556, 568 A.2d 590, 593 (Pa. 1989) (Marshall I). On August 29, 1984, Petitioner was convicted on three counts of first degree murder in a jury trial in the Court of Common Pleas of Philadelphia County. Id. On August 31, 1984, the jury recommended a life sentence for the murder of Sharon Saunders and death sentences for the murders of McKoy and Karima Saunders. Id. Petitioner appealed to the Supreme Court of Pennsylvania, which affirmed all three convictions and the sentences for the murders of Sharon Saunders and McKoy, but reversed the death sentence for the murder of Karima Saunders and remanded for resentencing on that count. Id. at 600. On July 27, 1990, a retrial jury also recommended that Petitioner be sentenced to death for

Karima Saunders' murder. The trial court sentenced Petitioner to death for the murder of Karima Saunders. Commonwealth v. Marshall, 537 Pa. 336, 643 A.2d 1070, 1071 (Pa. 1994) (Marshall II). Petitioner again appealed to the Supreme Court of Pennsylvania, which affirmed the sentence on May 24, 1994. Id.

Petitioner filed a timely pro se petition for collateral relief in the state court pursuant to the Pennsylvania Post-Conviction Relief Act, 42 Pa.Cons.Stat. § 9541 et seq. ("PCRA"). Commonwealth v. Marshall, 571 Pa. 289, 812 A.2d 539, 543 n.1 (Pa. 2002) (Marshall III). After a court-appointed counsel submitted an amended PCRA petition, relief was denied without an evidentiary hearing. Id. The Pennsylvania Supreme Court affirmed. Id. at 542. Petitioner then filed this habeas petition in this Court on May 22, 2003, which was assigned to the Honorable Bruce W. Kauffman.

On November 6, 2003, Petitioner filed a Motion for Discovery. By Memorandum and Order dated August 27, 2004, Judge Kauffman granted the Motion in part and denied the Motion in part. Specifically, Judge Kauffman ordered the Respondents to produce the prosecutor's jury selection notes for Petitioner's 1984 trial and 1990 penalty retrial. The Court denied Petitioner's requests for re-creation of the prosecution's prior discovery and any exculpatory material as moot, but with leave to re-file if he believed that Respondents had not fully complied with the requests. Judge Kauffman denied the remainder of the Motion, including Petitioner's request for discovery relating to his claim that his confession was coerced.

On June 29, 2007, Petitioner filed a reply memorandum in support of his Petition. In the reply, he raised another claim that trial counsel was ineffective for failing to present evidence of an alleged pattern and practice of brutality by the Philadelphia Police Department in obtaining

2

confessions during the 1960s and 1970s.  See Reply at 37-47.   In support of this claim, Petitioner relies upon a series of articles from the Philadelphia Inquirer, published in the spring of 1977, which purportedly detail a pattern and practice of police brutality at the Philadelphia Police Administration Building in the 1960s and 1970s.

On June 18, 2008, Petitioner filed the motion sub judice.  On July 17, 2009, the Habeas Petition was reassigned to the undersigned as a result of Judge Kauffman retiring from the Court.

In his Motion for Renewed Discovery, Petitioner seeks "(a) the Homicide File (including but not limited to the Homicide Binder) for the homicides of Myndie Mckoy,  Sharon Saunders (a/k/a Sharon Ballard), and Karima Saunders and the investigation and/or prosecution of Jerome Marshall, and (b) any documents, records, files, memoranda, correspondence, notes and reports, reflecting any evidence of coercion of suspects by the individual officers involved in Petitioner's interrogation (Leon Lubiejewski, Lawrence Grace, and William Shelton)."  See Petitioner's Renewed Motion for Discovery at ¶ 8.

A "habeas petitioner ... is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rather, a habeas petitioner may obtain discovery only pursuant to Rule 6(a) of the Rules Governing § 2254 Cases, which states:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

28 U.S.C.  § 2254 Rule 6(a).

As a preliminary matter, the Court must identify the essential elements of Petitioner's claims and address whether his discovery requests are related to a constitutional challenge in the

Petition. Bracy, 520 U.S. at 904-05. Petitioner must also demonstrate good cause for the discovery by setting forth specific allegations that lead the court to believe that, if the facts were fully developed, he may be entitled to relief. Bracy, 502 U.S. at 908-09. A petitioner may not engage in a "fishing expedition," and "bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery." Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). Once good cause has been shown, the scope and extent of discovery is left to the District Court's discretion. Bracy, 520 U.S. at 909.

Petitioner's request relates to Count III of the Petition, which alleges that (1) Petitioner's confession was involuntary, and its admission in evidence violated the 5th and 14th Amendments, and (2) counsel was ineffective for failing to investigate issues that would have strengthened his suppression motion. Petition at ¶¶ 71-79.

According to the Investigation Interview Board, Petitioner gave his statement to the police at 2:20 a.m. on November 10, 1983, after receiving Miranda warnings. Petition Ex. 9. His statement was admitted at trial over his attorney's objection that it was coerced. Petition at ¶¶ 72, 74. At the suppression hearing, the officers who interrogated Petitioner said that they showed him explicit photographs of the victim's bodies, a tactic which Petitioner describes as psychologically coercive. Id. at ¶ 74. Petitioner also testified that the police repeatedly struck him until he confessed. Id.

Petitioner argues that "the acts of physical coercion and the acknowledged psychological coercion" during the interrogation resulted in an involuntary confession. Id. In his ineffectiveness claim, he contends that counsel failed to (1) discover and develop "the critical inconsistency between the forensic evidence of the victim's ligature strangulation and Mr. Marshall's

4

confession to drowning the victims;" and (2) investigate and present expert testimony regarding Petitioner's mental and emotional impairments which, Petitioner claims, "render him particularly vulnerable in stressful situations." Id. at ¶¶ 75-76.

Even if Petitioner can overcome the contention that the claim raised in his Reply Memorandum is not time-barred or procedurally defaulted[1], an issue which the Court need not decide now, Petitioner has failed to demonstrate good cause for the requested discovery.[2] Indeed, Petitioner's discovery requests represent the exact type of fishing expedition which the Third Circuit in Deputy prohibited.

With respect to Petitioner's request for the Homicide File, there is no dispute that Respondent has turned over to Petitioner a significant amount of material from the Homicide File. Yet, Petitioner insists on receiving the entire file, purportedly for the purpose of showing that his confession was coerced. Petitioner has failed to make a showing of good cause for the entire Homicide File. As noted above, Judge Kauffman already has denied Petitioner's request for additional discovery based on the allegation that his confession was coerced. Petitioner had sought materials "concerning interviews of witnesses, and in particular the interviews of Petitioner, Irene Marshall and Eugene Marshall." Motion for Discovery at ¶ 4(f). In denying the request, Judge Kauffman wrote:

> Petitioner has failed to set forth sufficient, specific allegations indicating that he might be entitled to relief on these claims if the facts were fully developed. In the absence of any guidance from Petitioner, the Court cannot fathom what facts Petitioner could discover that would help him develop his claim that his confession was coerced. He

---

[1] Petitioner never made this discovery request in any state court. Given the dates of the articles from the Philadelphia Inquirer (1977), Petitioner certainly could have made this discovery request throughout the state court proceedings.

[2] The Court finds that Petitioner's requests relate to a constitutional challenge.

argues that he should obtain discovery nonetheless, because '[i]t is entirely possible that records supporting the fact that such coercion took place are in the possession of the Commonwealth.' Reply to Response to Motion at 10. The legal standard requires more than a mere possibility, however, and specifically prohibits discovery that would amount to a fishing expedition....Accordingly, the discovery request regarding the witness interviews must be denied.

Marshall v. Beard, 2004 WL 1925141, *6 (E.D. Pa. Aug. 27, 2004)

In addition, Petitioner previously filed a motion in the PCRA trial court in which he requested, inter alia, the "Homicide Binder," the "Homicide Folder," and "[a]nything required to be disclosed pursuant to Brady v. Maryland and its progeny." See Commonwealth v. Marshall, Nos. 1721-1732, Motion for Discovery Under Newly Promulgated Rule 1502(E)(2) (Phila. CCP October 15, 1997). The PCRA trial court denied Petitioner's motion for discovery because he failed to make any specific allegations warranting his broad discovery request. Specifically, the Court stated:

> 1. Defendant first argues that this court erred when it denied his Motion for Discovery pursuant to Pa.R.Crim.P. 1502(e)(2).
>
> According to this rule, '[o]n the first counseled petition in a death penalty case, no discovery shall be permitted at any stage of the proceedings, except upon leave of court after (a) showing of good cause.' Pa.R.Crim.P. 1502(e)(2). Defendant claims that he needed extensive access to the Commonwealth's files to complete a proper investigation and proper preparation of the instant PCRA petition. A similar claim under Pa.R.Crim.P. 1502(e)(2) was recently rejected by the Pennsylvania Supreme Court. See Commonwealth v. Williams, 557 Pa. 207, 22-23, 732 A.2d 1167, 1174-75 (1999). The Court denied the request of the defendant in that case because of "both the overbreadth of the request and the lack of specificity associating with the accompanying statement." Williams, 557 Pa. At 223, 732 A.2d at 1175. Defendant, in this case, like the defendant in Williams, has not made any specific allegations which would warrant his broad discovery request.
> Defendant also makes his claim under Brady v. Maryland, 373 U.S. 83 (1963). This claim must also fail. Brady v. Maryland, does not require the 'PCRA court to enter a specific order directing the production of exculpatory documents from the Commonwealth.' Williams, 557 Pa. at 223, 732 A.2d at 1175. The Commonwealth decides what information to disclose:

> [u]nless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final. Defense counsel has no constitutional right to conduct his own search of the State's files to argue relevance.
>
> Williams, 557 Pa. at 224, 732 A.2d at 1175, quoting, Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987). As such, this Court did not err when it denied defendant's discovery request.

PCRA Court Opinion, Glazer, J. at 3-4; See also, Commonwealth v. Marshall, 812 A. 2d 539 (Pa. 2002)(affirming PCRA court's order denying relief).

Because Petitioner has failed to make specific allegations to show reason to believe that the Petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief, his request for the entire Homicide Files is denied.

For the same reasons, Petitioner's request for "any documents, records, files, memoranda, correspondence, notes and reports, reflecting any evidence of coercion of suspects by the individual officers involved in Petitioner's interrogation (Leon Lubiejewski, Lawrence Grace, and William Shelton)" must also be denied. This particular request was never made in the state courts. In addition, the only support Petitioner relies on for this request is a series of articles from the Philadelphia Inquirer, published in the spring of 1977, which purportedly detail a pattern and practice of police brutality at the Philadelphia Police Administration Building in the 1960s and 1970s.

However, Petitioner's confession was not taken in the 1960s or 1970s, nor was it even taken in Philadelphia. Rather, the statement was taken in 1983 by Philadelphia Detectives in the Juvenile Aid Room of the Norristown, Pennsylvania Police Department. Even more significant is that Petitioner does not proffer any evidence that the above-named detectives who took his statement coerced confessions in any case in either Philadelphia or Norristown, let alone in Petitioner's case.

7

The newspaper articles that Petitioner relies upon do not indicate that the detectives who took Petitioner's statement engaged in any misconduct. Petitioner makes absolutely no particularized allegations to lead this Court to believe that if his allegations were fully developed, he may be entitled to relief. Bracy, 502 U.S. at 908-909.

Apparently, Petitioner is contending that because the detectives allegedly coerced confessions in other cases, they had the propensity to coerce a confession in Petitioner's case. Such a "propensity argument" was specifically rejected by the Court of Appeals for the Fifth Circuit in Gibbs v. Johnson, 154 F.3d 253, 258-59 (5th Cir. 1998), cert. denied, 526 U.S. 1089 (1999) (capital federal habeas petitioner failed to make a showing of good cause for discovery on his claim that trial counsel was ineffective in not investigating background of police officer who allegedly used coercion and false promises to elicit petitioner's confession; defense counsel asserted in affidavits that they knew of widely publicized allegations concerning officer's misconduct in another case but that any misconduct would not have been admissible).

In sum, Petitioner's basis for seeking discovery (newspaper articles detailing alleged police coercion at the Police Administration Building in the 1960s and 1970s) is simply too remote and dubious to amount to good cause for evidence of any coercion by the detectives who took Petitioner's statement in Norristown in 1983.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME MARSHALL | : | CIVIL ACTION |
| Petitioner | : | |
| vs. | : | NO. 03-3308 |
| JEFFREY A. BEARD, et al. | : | |
| Respondents | : | |

## ORDER

AND NOW, this 30th day of March, 2010, it is hereby ORDERED that the Petitioner's Motion for Renewed Discovery [Doc. # 56] is DENIED.

BY THE COURT:

*S/THOMAS M. GOLDEN*
THOMAS M. GOLDEN, J.